UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:09CV24-J

TERESA G. BUNCH                                                                                       PLAINTIFF

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                  DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is claimant Teresa Bunch's Complaint seeking judicial review of the unfavorable decision rendered by the defendant Commissioner denying her claims for Disability Insurance ("DIB") and Supplemental Security Income benefits ("SSI"). After examining the administrative record, the arguments of the parties and the applicable authorities, the Court is of the opinion that the decision is not supported by substantial evidence and must be remanded for further consideration.

PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI benefits on July 11, 2005 alleging that she became disabled on February 15, 2005 at age 41 as a result of problems with her back, emphysema, asthma, lungs, neck, high blood pressure, migraine headaches, right wrist, and right knee (Tr. 109). She worked in the past as a CNA, grocery store worker, machine operator at a temp service, self-employed child care provider, deli worker in a gas station, cook, hotel housekeeper, school janitor, van driver, inspector in a sewing factory, floater in a wiring factory, and mulch business laborer. Following hearings on April 18, 2007 and October 16, 2007 at which the claimant and a vocational expert offered testimony, Administrative Law Judge Charles Arnold ("ALJ") found that the claimant has severe impairments of migraines, obesity, anxiety/depression, asthma/emphysema, and lumbago

(Tr. 29) which prevent her from performing her past relevant work (Tr. 33). However, the ALJ found that she remains capable of performing some light and sedentary work, stating:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a significant range of light and sedentary work. She should avoid work with the public. She is limited to only simple, routine job tasks and instructions; and has the ability to interact appropriately with others (moderate restriction). She is limited to lifting up to 10 pounds; and should avoid climbing, twisting, bending, reaching above shoulders, unprotected heights, vibration, and exposure to pulmonary irritants.

Plaintiff appeals from this unfavorable decision.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by an error of law, and to determine whether substantial evidence supports the decision of the Commissioner, 42 U.S.C. §405(g); Elam ex. Rel. Golay, v. Commissioner, 348 F.3d 124, 125 (6th Cir. 2003). Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Kirk v. Secretary of HHS, 667 F.2d 524 (6th Cir. 1981); Jones v. Secretary of HHS, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even thought the record might support a contrary conclusion, Smith v. Secretary of HHS, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts," Mullen v.

Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).

Plaintiff argues that the ALJ committed the following errors: 1) the ALJ erred by failing to give controlling weight to the evidence from plaintiff's treating physician, Dr. Mark Humphrey; 2) the ALJ's residual functional capacity findings are flawed; and 3) the ALJ erred in his analysis of claimant's credibility and subjective complaints.

## ANALYSIS

Claimant argues that the ALJ failed to give proper consideration and weight to the evidence from he treating healthcare professional, Dr. Mark Humphrey. This argument involves application of what is commonly known as the treating physician rule. The courts have long held that the treating physician – especially one who has seen the patient over a period of time -- is in a unique position to evaluate the functional impact of an impairment on her or his patient, and the law recognizes the importance of that point of view by according deference to the opinions of treating physicians. In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court again confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

A treating physician's opinion, if uncontradicted, should be given complete deference. See, e.g., Walker v. Secretary of Health & Human Servs., 980 F.2d 1066, 1070 (6th Cir.1992). A treating physician's opinion is entitled to controlling weight if the Commissioner finds "that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. S

404.1527(d)(2)(1999). In other words, the opinion of a treating physician need not be given *controlling* weight unless supported by clinical or diagnostic findings. See Walters v. Commissioner of Social Security, 127 F.3d 525, 530 (6th Cir.1997); Bogle v. Sullivan, 998 F.2d 342, 347 (6th Cir.1993); Kirk v. Heckler, 742 F.2d 968, 973 (6th Cir.1984). However, "in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for *controlling* weight. Rogers v. Commissioner of Social Security, 486 F.3d 234, 242 (6th Cir. 2007).

In this case, Dr. Mark Humphrey completed a residual functional capacity assessment of the claimant's abilities dated October 4, 2007 (Tr. 337-338). He opined that she was capable of: 1) standing daily at a work station, with short breaks every two hours for a total of four to six hours; 2) sitting daily at a work station, with short breaks every two hours for a total of four to six hours; 3) sitting/standing option with short breaks every two hours for a total of four to six hours; and 4) unlimited walking. He limited her to lifting ten pounds occasionally, and restricted her from climbing, twisting, bending, and above shoulder reaching/handling due to pain. He also opined that on average, he would expect the claimant to miss work because of treatments/impairments/symptoms about two days per month.

In his opinion, the ALJ summarizes the claimant's medical history, including her treatment with Dr. Humphrey and his assessed limitations. While it is true that the ALJ's RFC determination incorporates most of the limitations contained in Dr. Humphrey's assessment, the opinion does not explicitly state the reasons for the ALJ's rejection of Dr. Humphrey's disabling opinions. As noted by the Commissioner, an ALJ's analysis of supportable limitations as contained in the record can be sufficient under the Wilson mandate to give "good reasons." The Sixth Circuit has indicated in decisions subsequent to Wilson that an ALJ can provide good reasons for rejection of a treating

physician's opinion through his/her analysis of the treating physician's other opinions or analysis of the impairment in question in general. Such analysis could adequately address the treating source's opinion by indirectly attacking its "supportability" or its "consistency" with the record as a whole. While such analysis could, by implication, be sufficient under <u>Wilson</u>, this Court is not satisfied that the ALJ in the present case sufficiently articulated his "good reasons" either explicitly or implicitly. Of additional concern is that the relied upon state agency physician Dr. Stidam's report fails to take into consideration the claimant's migraine headaches and their impact upon her ability to work. This Court cannot find that the final decision of the Commissioner is supported by substantial evidence as it now stands.

## CONCLUSION

Accordingly, the final decision of the Commissioner is REVERSED and the matter is remanded to the Commissioner to remedy the defects identified herein. The undersigned is cognizant of other arguments raised by claimant, but the undersigned concludes that it is unnecessary to address the remainder at this time.